**Richard Lee LANKSTON, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 1094–90.

Court of Criminal Appeals of Texas, En Banc.

March 4, 1992.

Rehearing Denied April 15, 1992.

Michael Logan Ware (on appeal only), Fort Worth, for appellant.

Dan M. Boulware, Dist. Atty. and Lisa K. Maddux, Asst. Dist. Atty., Cleburne, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

BENAVIDES, Judge.

Appellant was charged in separate counts of a single indictment with Aggravated Sexual Assault and Indecency with a Child. He was convicted of both counts in one trial, and his punishments were assessed at confinement in the penitentiary for ninety-nine years and twenty years, respectively. On appeal he complained, among other things, that the trial judge had erroneously received hearsay into evidence over his objection. The Court of Appeals affirmed, holding that Appellant's trial objection was too general to preserve the point for appellate review. *Lankston v. State*, No. 10–90–016–CR (Tex.App.—Waco, delivered September 20, 1990) (unpublished). We brought the case up to elaborate the requirement of specificity in trial objections.

The Texas Rules of Criminal Evidence (Rules) provide that

[e]rror may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and ... [i]n case the ruling is one admitting evidence, a timely objection or motion to strike appears of record, stating the *specific* ground of objection, if the *specific* ground was not apparent from the context[.]

Rule 103(a)(1) (emphasis added). This rule codifies, generally without substantive change, a considerable body of former decisional law on procedural default. To the extent of any difference, of course, current provisions control trials, such as the one in this case, which were conducted on or after the effective date of our Rules.

■ We have long held that, "where the correct ground for exclusion was obvious to the judge and opposing counsel, no waiver results from a general or imprecise objection." *Zillender v. State*, 557 S.W.2d 515, 517 (Tex.Crim.App.1977). To be sure, there are reported cases which seem to take a more slavish and unforgiving approach, but these have dwindled in importance as they have in frequency. Contemporary examples are now few and far between, and it is our purpose that they become even less common in the future.

Our system of justice is characteristically adversarial. One consequence is that many substantive and procedural features, especially most evidentiary rules, are really optional with the parties. Although we may speak of evidence as inadmissible, it is more precise, if not more correct, to say that the rules make such evidence objectionable. Indeed, this is just another way of calling attention to the fact that no issue concerning the admissibility of evidence ever arises unless one of the parties objects to it.

It follows that the trial judge's role in the admission and exclusion of evidence is generally not called into play unless a dispute develops between the parties concerning the proper application of an evidentiary rule. And because, absent any such dis-

pute, our system generally expects him not to interfere with the presentation of evidence, it likewise does not fault him for refusing to interfere when a party fails to make the basis for his objection known. Beyond this, there are no technical considerations or form of words to be used. Straightforward communication in plain English will always suffice.

The standards of procedural default, therefore, are not to be implemented by splitting hairs in the appellate courts. As regards specificity, all a party has to do to avoid the forfeiture of a complaint on appeal is to let the trial judge know what he wants, why he thinks himself entitled to it, and to do so clearly enough for the judge to understand him at a time when the trial court is in a proper position to do something about it. Of course, when it seems from context that a party failed effectively to communicate his desire, then reviewing courts should not hesitate to hold that appellate complaints arising from the event have been lost. But otherwise, they should reach the merits of those complaints without requiring that the parties read some special script to make their wishes known.

■ In the instant cause, the State sought to introduce testimony of an adult woman to whom the alleged child victim in this case first reported the conduct of Appellant giving rise to the criminal charge of Aggravated Sexual Assault, one of the subject offenses of this proceeding. Under a statutory exception to the hearsay exclusionary rule, statements of such a child may be repeated in court by the adult to whom they were first reported so long as, among other things, they "describe the alleged offense[.]" Art. 38.072, V.A.C.C.P. In compliance with this statute, the State provided Appellant in advance of trial with "a written summary of the statement" it meant to offer through the testimony of its adult "outcry" witness. This summary notified Appellant that

... the witness will testify that the child told the witness that the offense was committed in approximately June, 1987, and the witness will testify that the child told the witness that the crime was committed under these circumstances: at about 8:30 or 9:00 p.m., the victim was in her bedroom when said Defendant [Appellant] came into the bedroom sat on the bed and exposed his penis. Defendant [Appellant] had the victim pull on his penis and then put his penis in the mouth of the victim.

No other instances of criminal misconduct by Appellant are alluded to in this* summary.

When the State called this witness at trial, it first established her identity and relationship with the alleged child victim, and then opened its questioning about the alleged offense as follows:

Q. All right. Was she able to tell you about some bad things that had happened to her at home?

A. Yes.

Q. What did she tell you?

A. She told me that—

Before the witness could answer, Appellant's attorney interrupted with the following remarks:

Your Honor, may I make an objection? There are parameters that are exceptions to the hearsay rule that I believe this person can testify to under the rules, and [the prosecuting attorney] has so filed his letter stating what those parameters are. I would just request that instead of me jumping up and down every time with regard to hearsay, that the questions be posed in a manner so that the nonobjectionable material she testifies to could be separate from that which would be hearsay under the rules.

The trial judge then responded at once by saying:

I just want all the attorneys to stay within the parameters of 38.07[2]. I believe that's what you're referring to. I'll just say all attorneys will be expectedto [sic] stay within those parameters and couch their questions in that state.

It is certain from this brief exchange that the judge at least thought he knew what defense counsel was talking about. Moreover, we regard it as more than a little likely, especially since no one has yet suggested a different interpretation, that Appellant's attorney meant by his statement to advise the trial judge of his intention to make hearsay objections only to testimony about conduct other than that described in the summary, hoping all the while to avoid the necessity for any such objection by encouraging the prosecutor to ask more specific questions. Judging at least from the prosecutor's response, his efforts appear at first to have worked. Her very next question after the judge's admonishment was:

> Q. ... Specifically, did she tell you about something that happened in June of 1987?
>
> A. About a specific incident that she felt happened in June of 1987?

This line of questioning looks like a reasonable effort to restrict, without leading, the witness only to testimony about that incident described in the State's written summary. But cause for optimism in this regard soon evaporated when the prosecuting attorney evidently decided to expand the scope of her inquiry.

> Q. ... Let me go back just a second. As far as when you're talking to a child as far as trying to get specific dates, is that sometimes difficult to do?
>
> A. Yes, it is sometimes difficult. She described activity that happened spanned over a period of about three years.
>
> Q. All right. And when you're trying to pinpoint a date, you may not have an exact date but you're trying to get it as close as possible. Would that be a fair statement?
>
> A. Yes.
>
> Q. All right. Around June of 1987, what did she tell you happened to her?
>
> A. She told me that around June of 1987, they were living in Keene at the

same home on Santa Fe Street with her mother, stepfather and younger sister. She said her mother was working and would go to work about 7:00 o'clock in the morning, and that her stepfather went to work later on in the afternoon—in the morning around 9:00 o'clock. She said usually she would go into his room and bring him a cup of coffee.

Clearly at this point the witness was testifying about an incident other than that described in the State's written summary of her proposed testimony. Defense counsel therefore responded, just as he had earlier indicated he would, by saying:

> Your Honor, once again I'm going to have to object that this is hearsay.

Identifying challenged evidence as hearsay or as calling for hearsay should be regarded by courts at all levels as a sufficiently specific objection, except under the most unusual circumstances. *See Long v. State,* 800 S.W.2d 545, 548 (Tex.Crim.App. 1990). Indeed, it is difficult to know how much more specific such an objection could be under most conditions. Certainly, the present case is complicated by the statutory exception imposed by article 38.072 of our Code of Criminal Procedure. And, for this reason, the Court of Appeals was right to point out that, because all of the testimony sought to be elicited from the witness in question was necessarily hearsay, and because its admissibility under article 38.072 had already been established, Appellant was obliged at least to claim that a specific part of it was objectionable in spite of the exception. *Cf., e.g., Brown v. State,* 692 S.W.2d 497, 501 (Tex.Crim.App.1985) (specificity requirement includes identification of objectionable part where other parts are not objectionable).

Nevertheless, it is clear from context that both judge and prosecutor understood Appellant's objection to be a complaint about testimony not falling within the statutory hearsay exception for "outcry" witnesses, because the following exchange occurred immediately afterwards:

[Prosecuting Attorney]: Judge, I can show you what we filed as our intent to use 38.07[2].

[Trial Judge]: It's on file here. Let me read it here.

All right. I'll overrule the objection. Go ahead.

The witness then implicated Appellant in an act of sexual misconduct other than that of which Appellant had been given notice.

We cannot believe under the circumstances of this case that the prosecuting attorney and trial judge would have thought to consult the State's witness summary before ruling on a hearsay objection unless both in fact realized that the objection sought to exclude testimony not covered by that summary. It is, therefore, evident from the lower court's opinion that context played no part in its analysis. The Court of Appeals did not purport to find, nor does it seem at all likely to us that it found, the sense of his objection to have been unclear in this case. Rather, the lower court appears to have held that Appellant was required expressly to say something like, "I object to this as being hearsay which is not excepted by article 38.07 because it has to do with uncharged conduct." We do not disagree, of course, that an objection of the kind here raised by Appellant should communicate at least this much information to the trial judge. But, taken in context, it is clear to us that all participants at trial in fact understood Appellant's objection to do just that, and could not reasonably have understood it to mean anything else. Accordingly, we hold that Appellant's objection was sufficient fairly to apprise the trial judge of his complaint.

The judgment below is reversed and the cause remanded to the Court of Appeals for disposition of Appellant's claim on its merits.

BAIRD, J., concurs in the result.

McCORMICK, P.J., and WHITE, J., dissent.

CAMPBELL, Judge, dissents with note:

Believing that any error committed by the trial court was harmless beyond a reasonable doubt and consequently, the petition for discretionary review was improvidently granted in the first instance.