# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00322-CR

**Carlos Flores Hiracheta, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF CALDWELL COUNTY, 274TH JUDICIAL DISTRICT NO. 2000-006, HONORABLE CHARLES R. RAMSAY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Carlos Flores Hiracheta pleaded guilty before a jury to intoxication manslaughter and aggravated assault. *See* Tex. Pen. Code Ann. § 22.02 (West Supp. 2006), § 49.07 (West 2003). After hearing evidence, the jury assessed punishment at fifteen years' imprisonment and a $5,000 fine for the manslaughter and ten years' imprisonment and a $5,000 fine for the assault, and recommended that the latter punishment be probated. The only issue on appeal is whether the trial court erred by overruling appellant's pretrial motion to suppress evidence. Finding no error, we affirm the judgment of conviction.

At about 10:30 p.m. on August 19, 1999, appellant was driving west in his Pontiac on county road 266 in Caldwell County. With him as a passenger was his friend, Juan Salinas. Where the county road intersects with state highway 80, stop signs require vehicles on the county road to yield to vehicles on the larger state highway. Appellant stopped at the intersection, but then

began to drive across highway 80 and into the path of a southbound Ford being driven by Marina Jimenez. Jimenez had no opportunity to stop or otherwise avoid colliding with appellant. Her Ford struck the passenger side of appellant's Pontiac, fatally injuring Salinas.

Appellant was transported to Brackenridge Hospital in Austin for treatment. There, at 12:20 a.m., a sample of appellant's blood was drawn and tested for alcohol concentration at the order of one of the treating physicians. The test showed an alcohol concentration of 0.21. At 1:05 a.m., a second sample of appellant's blood was taken pursuant to transportation code section 724.012(b). Tex. Transp. Code Ann. § 724.012(b) (West Supp. 2006). A test of this sample showed an alcohol concentration of 0.18.

Appellant moved to suppress the results of both blood tests. He argued that the first blood draw violated his Fourth Amendment rights under *Ferguson v. City of Charleston*, 532 U.S. 67, 84-86 (2001) (holding that state hospital's performance of diagnostic test to obtain evidence of patient's criminal conduct for law enforcement purposes is unreasonable search if patient has not consented to procedure). He challenged the second blood draw on the ground that the police did not have a reasonable belief that the collision occurred as a result of appellant's driving while intoxicated. *See Badgett v. State*, 42 S.W.3d 136, 139 (Tex. Crim. App. 2001) (holding that reasonable belief that accident occurred as result of intoxication offense, required by section 724.012(b), must be based on more than mere fact of accident and defendant's intoxication). Following a pretrial hearing, the trial court overruled the motion on both grounds. In his brief to this Court, appellant again urges that section 724.012(b) was violated, but he does not bring forward his *Ferguson* argument. Because appellant raises mixed questions of law and fact that do not turn on

2

credibility, we conduct a de novo review. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).

Section 724.012(b) permits, indeed requires, that a specimen of a person's breath or blood be taken involuntarily if (1) there has been a life-threatening accident involving a motor vehicle or watercraft, (2) the person has been arrested for an intoxication offense involving the operation of the motor vehicle or watercraft, and (3) the arresting officer reasonably believes that the accident occurred as a result of the offense. Tex. Transp. Code Ann. § 724.012(b); *Badgett*, 42 S.W.3d at 138. In *Badgett*, the question presented was whether evidence that a driver was intoxicated when a fatal accident occurred was alone sufficient to warrant a reasonable belief that the driver's intoxication caused the accident. *Badgett*, 42 S.W.3d at 139. The court of criminal appeals held that it was not sufficient. Instead, the statute requires "specific and articulable facts of causation" apart from the mere fact of the accident and the driver's intoxication. *Id*. The court said that an "[a]rticulable belief can result from any number of factors; including, but not limited to witness interviews, conclusions drawn from experience in combination with observation of the accident scene, or determinations made by an accident reconstruction team." *Id*. (footnote omitted).

In this case, Department of Public Safety Troopers Jesse DeLeon and Marvin Conley were dispatched to the scene of the accident. Both officers testified that appellant manifested symptoms of intoxication, a fact that was not disputed below. DeLeon testified that based on his observations of the scene and the reports of witnesses—Jimenez and Patricia Adams, the driver of a third car who witnessed the accident—he concluded that the accident was caused by appellant's failure to yield the right-of-way to the traffic on highway 80. Conley testified that appellant's

3

intoxication contributed to the accident because "the first thing it does is impair judgment, messing with the mental faculties, depth perception, things like that, judgment and timing. And just from what we saw at the accident, as far as giving Ms. Jimenez reaction time, he pulled out at the last minute, giving her no chance to take proper evasive action."

We hold that the troopers' observations of the accident scene and witness interviews gave them a reasonable belief, based on specific and articulable facts, that the accident was caused by appellant's intoxication while driving. *See id*. at 139 n.1. Appellant's contention that the officers inferred causation from the mere fact of his intoxication is without merit.

Neither DeLeon nor Conley went to the hospital with appellant. Instead, after learning that Salinas was dead, DeLeon contacted his dispatcher and requested that an officer be sent to the hospital to obtain the mandatory blood sample. That officer was Trooper Brian Baxter, who testified that he was dispatched to the hospital to arrest appellant and obtain the blood sample, which was drawn by a hospital nurse. Appellant argues that because Baxter was not an investigating officer and did not speak to DeLeon or Conley, he had neither probable cause to arrest nor a reasonable belief that the offense caused the accident. This argument is also without merit. When an arrest is made pursuant to a police broadcast, the test for probable cause is the sufficiency of the information known to the officer who made the broadcast request. *Crane v. State*, 786 S.W.2d 338, 346 (Tex. Crim. App. 1990). DeLeon had both probable cause to arrest appellant for a chapter 49 offense and a reasonable belief that the fatal accident occurred as a result of this offense. No error is shown. *See McBride v. State*, 946 S.W.2d 100, 102 (Tex. App.—Texarkana 1997, pet. ref'd); *Mitchell v. State*, 821 S.W.2d 420, 425 (Tex. App.—Austin 1992, pet. ref'd).

4

The point of error is overruled and the judgment of conviction is affirmed.

_____

Jan P. Patterson, Justice

Before Chief Justice Law, Justices Patterson and Pemberton

Affirmed

Filed:   October 24, 2006

Do Not Publish