



## MEMORANDUM OPINION

No. 04-10-00425-CR

Karyn Gene **SCOTT**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 216th Judicial District Court, Gillespie County, Texas
Trial Court No. 4747
Honorable N. Keith Williams, Judge Presiding

Opinion by:  Karen Angelini, Justice

Sitting:  Catherine Stone, Chief Justice
Karen Angelini, Justice
Marialyn P. Barnard, Justice

Delivered and Filed:  March 2, 2011

AFFIRMED

Karyn Gene Scott appeals her conviction for intoxication assault arising out of an automobile accident. After the trial court denied her motion to suppress, Scott pled guilty. The trial court then sentenced Scott to six years confinement in the Texas Department of Criminal Justice. In one issue on appeal, Scott argues the trial court erred in denying her motion to suppress the results of a blood test taken after she was arrested for driving while intoxicated. We affirm the trial court's judgment.

**DISCUSSION**

We review a motion to suppress evidence ruling using a bifurcated standard of review. *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007). We are to give "almost total deference to a trial court's determination of the historical facts that the record supports especially when the trial court's fact findings are based on an evaluation of credibility and demeanor." *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). And we afford the same level of deference to a trial court's ruling on application of law to fact questions, or mixed questions of law and fact, if the resolution of those questions turns on an evaluation of credibility and demeanor. *Montanez v. State*, 195 S.W.3d 101, 106 (Tex. Crim. App. 2006). We review de novo mixed questions of law and fact that do not depend upon credibility and demeanor. *Id*.

Section 724.012(b) of the Texas Transportation Code authorizes the involuntary taking of a blood specimen if three specific requirements are met: (1) there was a life-threatening accident; (2) the defendant was arrested for an intoxication offense under Chapter 49; and (3) the arresting officer "reasonably believed" the accident occurred as a result of the offense. TEX. TRANSP. CODE ANN. § 724.012(b) (West Supp. 2010); *Badgett v. State*, 42 S.W.3d 136, 138 (Tex. Crim. App. 2001). Scott takes issue with only the third statutory requirement. According to Scott, the evidence failed to show the arresting officer could have reasonably believed that the accident occurred as a result of Scott driving while intoxicated.

At the motion to suppress hearing, Trooper Anthony Ortiz, the arresting officer, testified that he responded to a call about a major accident. When he arrived at the scene, he saw vehicles on the roadway as well as law enforcement personnel, an ambulance, and witnesses. At first, he saw only three vehicles with damage, but was advised by a deputy that a fourth vehicle was possibly involved. The deputy also advised Trooper Ortiz that Scott may have been involved in

the accident. When Trooper Ortiz approached Scott, she first indicated she was unsure if she had been involved. She then described for Trooper Ortiz her version of how the accident occurred. There were, however, no indications on the roadway that the accident took place as Scott described. Trooper Ortiz noticed that the front-end damage on the vehicle driven by Scott matched the rear-end damage on another vehicle involved in the accident. Further, Trooper Ortiz saw that the front-end of Scott's vehicle had green paint on it that appeared to be from the other vehicle. Based on his investigation and observations, Trooper Ortiz concluded a driver in a green Toyota had been attempting to make a left turn from the inside lane when Scott rear-ended the Toyota, forcing it into oncoming traffic where it collided with two other vehicles. According to Trooper Ortiz, there was no weather or road condition that could have caused the accident.

When speaking with Scott, Trooper Ortiz smelled the odor of an alcoholic beverage coming from Scott's breath. Scott denied having consumed any alcohol but stated she had taken pain medication. Trooper Ortiz then administered three field sobriety tests on Scott. As to the horizontal nystagmus gaze (HGN) test, Scott exhibited six out of six possible clues. As to the walk-and-turn test and the one-leg stand test, Scott exhibited two clues and no clues, respectively. Scott refused to take a breathalyzer test. Based upon the results of the standardized field sobriety tests, Trooper Ortiz arrested Scott and took her to a hospital to obtain a blood sample.

In addition to Trooper Ortiz's testimony, the State offered into evidence several exhibits, which included Trooper Ortiz's affidavit of probable cause for arrest and a statutory authorization–mandatory blood specimen form. Scott did not object, and the trial court admitted the exhibits into evidence. In his affidavit, Trooper Ortiz described his investigation of the accident and interviews with witnesses much as he did in his trial testimony. He further stated

that his investigation at the scene led him to believe that Scott had been travelling behind the green Toyota and did not see it attempting to make a left turn. He further concluded Scott had failed to control her speed and struck the green vehicle, causing it to spin into oncoming traffic. On the statutory authorization–mandatory blood specimen form, Trooper Ortiz stated that he had arrested Scott because she was involved in an accident he reasonably believed occurred as a result of the offense for which she was arrested.

Scott cites *Badgett v. State* to support her argument that the State failed to "establish any specific and articulable facts of causation." *See Badgett*, 42 S.W.3d at 139. In *Badgett*, the Court of Criminal Appeals considered whether sections 724.012(b)(2) and 724.013 of the Texas Transportation Code "require law enforcement personnel to possess specific evidence that an intoxicated defendant was at fault in causing an accident before a blood specimen can be taken involuntarily," or if "merely an accident involving an intoxicated driver is sufficient." *Id.* at 137. The arresting officer in *Badgett* testified that he believed the defendant could have been at fault for the accident because the defendant was intoxicated. The Court of Criminal Appeals held that the officer's belief that the accident occurred as a result of the offense must be based on something more than the mere fact that there was an accident and that the officer arrested the defendant for an intoxication offense. *Id.* at 139. "[S]uch a belief must be based upon specific and articulable facts of causation." *Id.* The court further stated that "[a]rticulable belief can result from any number of factors, including but not limited to, witness interviews, conclusions drawn from experience in combination with observation of the accident scene, or determinations made by an accident reconstruction team." *Id.*

In this case, unlike in *Badgett*, Trooper Ortiz did not simply state that he believed Scott could have been at fault for the accident because she was intoxicated. In both his trial testimony

and the exhibits, Trooper Ortiz specifically articulated his belief that Scott's commission of the offense of driving while intoxicated was the cause of the accident. According to Trooper Ortiz, his investigation, which included speaking with witnesses and making observations at the accident scene, led him to believe that Scott, while travelling behind a green Toyota, did not see it attempting to make a turn, failed to control her speed, and struck the green vehicle, causing it to spin into oncoming traffic. And, as he stated in his affidavit, Trooper Ortiz reasonably concluded that Scott's intoxication caused the accident.

We conclude the trial court did not err in denying Scott's motion to suppress, and we affirm the trial court's judgment.

Karen Angelini, Justice

DO NOT PUBLISH