

## NUMBER 13-09-00694-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

**AMANDA LYNN WOODARD,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

### On appeal from the 36th District Court
### of San Patricio County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Benavides
Memorandum Opinion by Justice Benavides**

Appellant, Amanda Lynn Woodard, appeals the denial of jail-time credit to a sentence resulting from her underlying conviction for unauthorized absence from a correctional facility. *See* TEX. PEN. CODE ANN. § 38.113 (West 2003). After Woodard pleaded true to a violation of probation, the trial court imposed a fourteen-month state-jail

sentence. By two issues on appeal, Woodard now contends that the court improperly denied credit for the time she spent in a substance abuse felony punishment facility. We modify the trial court's judgment to credit Woodard's time served against her sentence and affirm the judgment as modified.

## I. BACKGROUND

On November 30, 2007, Woodard was found guilty of unauthorized absence from a correctional facility and she received a probated two-year state-jail sentence. *Id.* On February 20, 2008, Woodard was admitted to the state substance abuse felony punishment facility (SAFPF) as a condition of her probation. On November 3, 2008, Woodard was transferred to a Residential Transitional Treatment Program, from which she removed herself before completion and without consent from the trial court.

On March 26, 2009, the State filed a motion to revoke community supervision alleging that Woodard violated her probation because she did not complete the Residential Transitional Treatment Program. At the hearing on the State's motion to revoke, Woodard pleaded "true" to the probation violation, and the court sentenced Woodard to fourteen months in state jail. The trial court then addressed the issue of credit for time spent with regards to her participation in SAFPF:

| | |
|---|---|
| COURT: | You went through the SAF-P [sic], but came out messed up? |
| WOODARD: | I got kicked out of the halfway house for having a cell phone. |
| COURT: | The way this works, Rosie, she did a successful discharge at the Felony Substance Abuse Facility, but she did not make it through the Transitional Treatment Center. |
| PROBATION OFFICER: | She won't get credit, Your Honor. |

COURT: Unsuccessful discharge. Is that your understanding of the recommendation the State's going to make?

[DEFENSE COUNSEL]: That's the understanding   that we have, Judge.   She was hoping that she would get credit for the five months she waited to go to SAF-P [sic].

MS. CABLE: She'll get credit for time waiting in jail, right?

COURT: Only if you successfully discharge.   It's mandatory after that.   If you do everything you're supposed to do, it's mandatory that you get credit.   It used to be discretionary, now it's mandatory it be granted.

[DEFENSE COUNSEL]: And the Court has no discretion?

COURT: I think the Court has discretion, and I administer my discretion even-handedly, and I never give it as a condition of probation.   I give it when you successfully complete the programs, not when you don't.   That's my discretion.

The trial court credited Woodard with 108 days of served jail-time toward her fourteen-month sentence.   Woodard did not receive credit for the time pending transfer to SAFPF (December 7, 2007 to February 19, 2008), the time in SAFPF (February 20, 2008 to November 2, 2008), or the time in the Residential Transitional Treatment Program (November 3, 2008 to December 18, 2008).

## II. STANDARD OF REVIEW

We review decisions made by the trial court regarding the revocation of community supervision for an abuse of discretion.   *Garrett v. State,* 619 S.W.2d 172, 174 (Tex. Crim. App. 1981).   The trial court abuses its discretion when it "applie[s] an erroneous legal standard, or when no reasonable view of the record could support [its] conclusion under

3

the correct law and facts viewed in the light most favorable to its legal conclusion." *Lanum v. State*, 952 S.W.2d 36, 39 (Tex. App.—San Antonio 1997, no writ) (citing *DuBose v. State*, 915 S.W.2d 493, 497–98 (Tex. Crim. App. 1996). The trial court has broad discretion over the revocation and modification of community supervision. *See* TEX. CRIM. PROC. CODE ANN. art. 42.12, § 21 (West Supp. 2010).

### III. ANALYSIS

### A. Preservation of Error

The State contends that Woodard did not preserve error in this case. A court of appeals may not reverse a trial court's judgment where error is not preserved. TEX. R. APP. P. 33.1; *see State v. Herndon*, 215 S.W.3d 901, 909 (Tex. Crim. App. 2007)*.* According to the Texas Rules of Appellate Procedure, to preserve error on appeal, the appellant must show a timely request or objection in the trial court and that the trial court either: "(A) ruled on the request, objection, or motion, either expressly or implicitly; or (B) refused to rule on the request, objection, or motion, and the complaining party objected to the refusal." TEX. R. APP. P. 33.1(a)(2). Any error preserved by an objection is appealable, regardless of its degree of harm. *Arline v. State*, 721 S.W.2d 348, 351 (Tex. Crim. App. 1986). The complaint must be specific. *Lankston v. State,* 827 S.W.2d 907, 909 (Tex. Crim. App. 1992). Specificity allows the trial judge to be informed about the objection and gives him the opportunity to rule on such objection. *Neal v. State*, 150 S.W.3d 169, 178 (Tex. Crim. App. 2004) (citing *Zillender v. State*, 557 S.W.2d 515, 517 (Tex. Crim. App. 1977)). Specificity simply requires counsel to clearly tell the judge what he wants and why he is entitled. *Id.* The request must be made at the time the trial court is in the proper position to make a judgment so that the judge can

4

make an appropriate ruling. *Id.*; *see Lankston*, 827 S.W.2d at 909 (holding that the hearsay objection was clear enough in context to preserve the issue for appeal).

We consider the specificity of the complaint in context. *Lankston*, 827 S.W.2d at 909; *Resendez v. State*, 308 S.W.3d 308, 313 (Tex. Crim. App. 2009). There is no waiver where there is a general or imprecise objection when the grounds for the objection are obvious to the judge. *Lankston*, 827 S.W.2d at 909. Instead, waiver exists when the complaint is so unclear that the party fails to communicate his argument. *Ex parte Little*, 887 S.W.2d at 66 (Tex. Crim. App. 1994); *Lankston*, 827 S.W.2d at 909.

In this case, Woodard made a timely request or objection to apply the time already served in the SAFPF towards the fourteen-month jail sentence imposed at the hearing on State's motion to revoke community supervision. We find the following exchange from the revocation hearing relevant:

> [DEFENSE COUNSEL]: You understand the Judge has said that he does not give credit for that time . . . [a]re you asking the Court to keep that time in consideration when he sets your term for revocation?
>
> WOODARD: Yes.

Furthermore, during Woodard's testimony her counsel asked her: "You understand the Judge has said that he does not give credit for that time?"

From the foregoing, the issue of time-served credit for Woodard's stay in SAFPF should have been obvious to the judge. *See Zillender*, 557 S.W.2d at 517 (holding no waiver results from a general or imprecise objection where the objection was obvious to the judge.). And since Woodard is not required to use special words to establish a request, we conclude that Woodard's counsel used specific enough words to

5

successfully communicate that she was requesting the court to credit her time served in SAFPF. *Neal v. State*, 150 S.W.3d 169, 178 (Tex. Crim. App. 2004); *Lankston*, 827 S.W.2d at 909. We conclude error was preserved for appeal.

## B. Credit for Time Served in SAFPF

Because Woodard preserved error, we next analyze whether she is entitled to credit for time served while waiting for admittance to SAFPF. The Texas Code of Criminal Procedure, article 42.12, section 23(b), states:

> No part of the time that the defendant is on community supervision shall be considered as any part of the time that he shall be sentenced to serve, except that on revocation, the judge *shall* credit to the defendant time served by the defendant as a condition of community supervision in a substance abuse treatment facility operated by the Texas Department of Criminal Justice under Section 493.009, Government Code, or another court-ordered residential program or facility, *but only if the defendant successfully completes the treatment program* in that facility.

TEX. CRIM. PROC. CODE ANN. art 42.12, § 23(b) (West Supp. 2010) (emphasis added).[1]

When interpreting a statute, the court should give effect to the plain and literal meaning, unless such interpretation is ambiguous or would lead to absurd consequences not intended by legislature. *Badgett v. State*, 42 S.W.3d 136, 138 (Tex. Crim. App. 2001). Article 42.12, section 23(b) requires a judge to give credit to a defendant who successfully completes a substance abuse program. *See* TEX. CRIM. PROC. CODE ANN. art 42.12, § 23(b); *see also Burke v. State*, No. 03-09-543-CR, 2010 Tex. App. LEXIS 7238, at * 4 (Tex. App.—Austin Aug. 31, 2010, pet. ref'd) (mem. op., not designated for publication). Because the statute requires the substance abuse

---

[1] Article 42.03 section 2(a) states in part that no credit is given if such time served was a "confinement served as a condition of community supervision," is superseded by art. 42.12 §23(b) such that when specifically dealing with court-ordered treatment programs, the defendant receives credit for time served, even if that program was a condition of community supervision. TEX CRIM. PROC. CODE ANN. art. 42.03 § 2(a).

program to be completed in "that facility," we conclude that the legislature did not intend that a defendant was required to successfully complete treatment at a *subsequent* program in order to receive credit for the completion of the first program. *See Burke*, 2010 Tex. App. LEXIS 7238, at *4.

In this case, the conditions of Woodard's community supervision bring it within the scope of article 42.12, section 23(b). *See* TEX. CRIM. PROC. CODE ANN. art 42.12, § 23(b). As a condition of Woodard's community supervision, she was required to "serve a term of confinement in a Substance Abuse Felony Punishment Facility . . . and upon successful completion of the program, . . . participate in a drug or alcohol abuse continuum of care treatment plan . . . ." Woodard successfully completed the SAFPF, which is demonstrated through the following language in her order releasing her from SAFPF:

> That the Court has been notified by the proper authorities of the Texas Department of Criminal Justice that the defendant is successfully completing the treatment program . . . [and] it is therefore ordered, adjudged, and decreed . . . that the defendant, Amanda Lynn Woodard, be released from the Substance Abuse Felony Punishment Facility . . . and that said defendant be released to a duly authorized representative . . . as part of the Continuum of Care Program . . . .

The trial court referred to SAFPF as a singular entity by using the language "the treatment program" and "the Substance Abuse Felony Punishment Facility" in both the community supervision order and the order of discharge from SAFPF. Therefore, we conclude that SAFPF is a separate and singular program. *See Burke*, 2010 Tex. App. LEXIS 7238, at *4 (holding that where the court referred to the treatment program as singular, SAFPF was considered separate from any continuum of care program the defendant was required to complete subsequent to completion of SAFPF). Thus, since

7

Woodard successfully completed SAFPF, the court is required by law to credit her time spent in SAFPF, even though she did not successfully complete the Residential Transitional Treatment Program. *See* TEX. CRIM. PROC. CODE ANN. art 42.12, § 23(b); *Badgett*, 42 S.W.3d at 138; *see also Burke,* 2010 Tex. App. LEXIS 7238, at *4 (granting credit for time served in SAFPF even though Burke did not complete the subsequent continuum of care treatment program). Accordingly, we sustain Woodard's sole issue.

## IV. CONCLUSION

We therefore modify the judgment of the trial court to award Woodard credit for 258 days of time served[2] in the substance abuse facility program, and we affirm the judgment as modified.

_____
GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed the
14th day of July, 2011.

---

[2] Credit comes from the days Woodard served in SAFPF between February 20, 2008 and November 2, 2008.