NUMBER
13-09-00694-CR

 

                                        COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI
- EDINBURG

                                                                     


 

AMANDA LYNN WOODARD,                           
   Appellant,

 

v.

 

THE STATE OF TEXAS,                                   
Appellee.

                                                                     


 

On appeal from the 36th
District Court

of San Patricio County,
Texas.

                                                       
              

 

MEMORANDUM OPINION

 

        Before
Chief Justice Valdez and Justices Rodriguez and Benavides

                      Memorandum
Opinion by Justice Benavides

 

Appellant,
Amanda Lynn Woodard, appeals the denial of jail-time credit to a sentence
resulting from her underlying conviction for unauthorized absence from a correctional
facility.  See Tex. Pen. Code Ann.
§ 38.113 (West 2003).  After Woodard pleaded true to a violation of probation,
the trial court imposed a fourteen-month state-jail sentence.  By two issues on
appeal, Woodard now contends that the court improperly denied credit for the
time she spent in a substance abuse felony punishment facility.  We modify the
trial court’s judgment to credit Woodard’s time served against her sentence and
affirm the judgment as modified.

I.     
Background

            On
November 30, 2007, Woodard was found guilty of unauthorized absence from a
correctional facility and she received a probated two-year state-jail
sentence.  Id.  On February 20, 2008, Woodard was admitted to the state
substance abuse felony punishment facility (SAFPF) as a condition of her
probation.  On November 3, 2008, Woodard was transferred to a Residential
Transitional Treatment Program, from which she removed herself before
completion and without consent from the trial court.

            On
March 26, 2009, the State filed a motion to revoke community supervision
alleging that Woodard violated her probation because she did not complete the
Residential Transitional Treatment Program.  At the
hearing on the State’s motion to revoke, Woodard pleaded “true” to the
probation violation, and the court sentenced Woodard to fourteen months in
state jail.  The trial court then addressed the issue of credit for time spent
with regards to her participation in SAFPF:

COURT:                                 You went through the SAF-P [sic],
but came                                                                  out
messed up?

 

WOODARD:                          I
got kicked out of the halfway house for having                                         a
cell phone.

 

            COURT:                                 The
way this works, Rosie, she did a                                                                         successful
discharge at the Felony Substance                                                       Abuse
Facility, but she did not make it through                                                the
Transitional Treatment Center.

 

            PROBATION
OFFICER:  She won’t get credit, Your Honor.

 

            COURT:                                 Unsuccessful
discharge. Is that your                                                                         understanding
of the recommendation the                                                          State’s
going to make?

 

            [DEFENSE
COUNSEL]:    That’s the understanding that we have,                                                             Judge. 
She was hoping that she would get                                                            credit
for the five months she waited to go to                                                    SAF-P
[sic].

 

            MS.
CABLE:                        She’ll get credit for time waiting in jail,
right?

 

            COURT:                                 Only
if you successfully discharge.  It’s                                                      mandatory
after that.  If you do everything                                                           you’re
supposed to do, it’s mandatory that you                                                        get
credit.  It used to be discretionary, now it’s                                           mandatory
it be granted.

 

            [DEFENSE
COUNSEL]:     And the Court has no discretion?



            COURT:                                 I
think the Court has discretion, and I                                                                         administer
my discretion even-handedly, and I                                                  never
give it as a condition of probation.  I give                                              it
when you successfully complete the                                                             programs,
not when you don’t.  That’s my                                                      discretion.


 

            The
trial court credited Woodard with 108 days of served jail-time toward her
fourteen-month sentence.  Woodard did not receive credit for the time pending
transfer to SAFPF (December 7, 2007 to February 19, 2008), the time in SAFPF
(February 20, 2008 to November 2, 2008), or the time in the Residential
Transitional Treatment Program (November 3, 2008 to December 18, 2008).

II. 
Standard of Review

We
review decisions made by the trial court regarding the revocation of community
supervision for an abuse
of discretion.  Garrett v. State, 619 S.W.2d 172, 174 (Tex. Crim. App.
1981).  The trial court abuses its discretion when it “applie[s] an erroneous
legal standard, or when no reasonable view of the record could support [its]
conclusion under the correct law and facts viewed in the light most favorable
to its legal conclusion.”  Lanum v. State, 952 S.W.2d 36, 39 (Tex.
App.—San Antonio 1997, no writ) (citing DuBose v. State, 915 S.W.2d 493,
497–98 (Tex. Crim. App. 1996).  The trial court has broad discretion over the
revocation and modification of community supervision.  See Tex. Crim. Proc. Code Ann. art. 42.12, §
21 (West Supp. 2010). 

III.
 Analysis

A.  
Preservation of Error

            The
State contends that Woodard did not preserve error in this case.  A court of
appeals may not reverse a trial court’s judgment where error is not preserved. 
Tex. R. App. P. 33.1; see State
v. Herndon, 215 S.W.3d 901, 909 (Tex. Crim. App. 2007).  According
to the Texas Rules of Appellate Procedure, to preserve error on appeal, the
appellant must show a timely request or objection in the trial court and that
the trial court either:  “(A) ruled on the request, objection, or motion,
either expressly or implicitly; or (B) refused to rule on the request,
objection, or motion, and the complaining party objected to the refusal.”  Tex. R. App. P. 33.1(a)(2).  Any error preserved by an objection is appealable, regardless
of its degree of harm.  Arline
v. State, 721 S.W.2d 348, 351 (Tex. Crim. App.
1986).  The
complaint must be specific.  Lankston
v. State, 827 S.W.2d
907, 909 (Tex. Crim. App. 1992).  Specificity allows the trial judge to be informed about the
objection and gives him the opportunity to rule on such objection.  Neal v. State, 150 S.W.3d 169, 178
(Tex. Crim. App. 2004) (citing Zillender v. State, 557 S.W.2d 515, 517
(Tex. Crim. App. 1977)). 
Specificity simply requires counsel to clearly tell the judge what he wants and
why he is entitled.  Id.  The request must be made at the time the trial
court is in the proper position to make a judgment so that the judge can make
an appropriate ruling.  Id.; see Lankston, 827 S.W.2d at
909 (holding that the hearsay objection was clear enough in context to preserve
the issue for appeal).

            We
consider the specificity of the complaint in context.  Lankston, 827
S.W.2d at 909; Resendez v. State, 308 S.W.3d 308, 313 (Tex. Crim. App.
2009).  There is no waiver where there is a general or imprecise objection when
the grounds for the objection are obvious to the judge.  Lankston, 827
S.W.2d at 909. 
Instead, waiver exists when the complaint is so unclear that the party fails to
communicate his argument.  Ex parte Little, 887 S.W.2d at 66 (Tex. Crim.
App. 1994); Lankston, 827 S.W.2d at 909.

In this case, Woodard made a timely request or objection to
apply the time already served in the SAFPF towards the fourteen-month jail
sentence imposed at the hearing on State’s motion to revoke community supervision. 
We find the following exchange from the revocation hearing relevant:

[DEFENSE
COUNSEL]:     You
understand the Judge has said that he                                               does
not give credit for that time . . . [a]re                                         you
asking the Court to keep that    time in                                               consideration
when he sets your term                                                   for
revocation?

 

WOODARD:                          Yes.

 

Furthermore,
during Woodard’s testimony her counsel asked her: 
“You understand the Judge has said that he does not give credit for that
time?”  

            From
the foregoing, the issue of time-served credit for Woodard’s stay in SAFPF
should have been obvious to the judge.  See Zillender, 557 S.W.2d at 517
(holding no waiver results from a general or imprecise objection where the objection was obvious to the
judge.). 
And since Woodard is not required to use special words to establish a
request, we conclude that Woodard’s counsel
used specific enough words to successfully communicate that she was requesting
the court to credit her time served in SAFPF.  Neal v. State, 150 S.W.3d 169, 178
(Tex. Crim. App. 2004);
Lankston, 827 S.W.2d at 909.  We conclude
error was preserved for appeal.

B. 
Credit for Time Served in SAFPF

Because Woodard preserved error, we next analyze whether she is
entitled to credit for time served while waiting for admittance to SAFPF.  The
Texas Code of Criminal Procedure, article 42.12, section 23(b), states:  

No part of the time that
the defendant is on community supervision shall be considered as any part of
the time that he shall be sentenced to serve, except that on revocation, the
judge shall credit to the defendant time served by the defendant as a
condition of community supervision in a substance abuse treatment facility
operated by the Texas Department of Criminal Justice under Section 493.009,
Government Code, or another court-ordered residential program or facility, but
only if the defendant successfully completes the treatment program in that
facility.

 

Tex. Crim. Proc. Code Ann. art 42.12, § 23(b) (West
Supp. 2010) (emphasis added).[1]

When interpreting a statute, the court should give effect to the
plain and literal meaning, unless such interpretation is ambiguous or would
lead to absurd consequences not intended by legislature.  Badgett v. State,
42 S.W.3d 136, 138 (Tex. Crim. App. 2001).  Article 42.12, section 23(b)
requires a judge to give credit to a defendant who successfully completes a
substance abuse program.  See Tex.
Crim. Proc. Code Ann. art 42.12, § 23(b); see also Burke v.
State, No. 03-09-543-CR, 2010 Tex. App. LEXIS 7238, at * 4 (Tex.
App.—Austin Aug. 31, 2010, pet. ref’d) (mem. op., not designated for
publication).  Because the statute requires the substance abuse program to be
completed in “that facility,” we conclude that the legislature did not intend
that a defendant was required to successfully complete treatment at a subsequent
program in order to receive credit for the completion of the first program.  See
Burke, 2010 Tex. App. LEXIS 7238, at *4.

In this case, the conditions of Woodard’s community supervision
bring it within the scope of article 42.12, section 23(b).  See Tex. Crim. Proc. Code Ann. art 42.12, § 23(b). 
As a condition of Woodard’s community supervision, she was required to “serve a
term of confinement in a Substance Abuse Felony Punishment Facility . . . and
upon successful completion of the program, . . . participate in a drug or
alcohol abuse continuum of care treatment plan . . . .”  Woodard successfully
completed the SAFPF, which is demonstrated through the following language in
her order releasing her from SAFPF: 

That the Court has been
notified by the proper authorities of the Texas Department of Criminal Justice
that the defendant is successfully completing the treatment program . . . [and]
it is therefore ordered, adjudged, and decreed . . . that the defendant, Amanda
Lynn Woodard, be released from the Substance Abuse Felony Punishment Facility .
. . and that said defendant be released to a duly authorized representative . .
. as part of the Continuum of Care Program . . . .

 

The trial court referred to SAFPF as a singular entity by using
the language “the treatment program” and “the Substance Abuse Felony Punishment
Facility” in both the community supervision order and the order of discharge
from SAFPF.  Therefore, we conclude that SAFPF is a separate and singular
program.  See Burke, 2010 Tex. App. LEXIS 7238, at *4 (holding
that where the court referred to the treatment program as singular, SAFPF was
considered separate from any continuum of care program the defendant was
required to complete subsequent to completion of SAFPF).  Thus, since Woodard
successfully completed SAFPF, the court is required by law to credit her time
spent in SAFPF, even though she did not successfully complete the Residential
Transitional Treatment Program.  See Tex.
Crim. Proc. Code Ann. art 42.12, § 23(b); Badgett, 42 S.W.3d at
138; see also Burke, 2010 Tex. App. LEXIS 7238, at *4 (granting
credit for time served in SAFPF even though Burke did not complete the
subsequent continuum of care treatment program).  Accordingly, we sustain
Woodard’s sole issue.

IV. 
Conclusion

We therefore modify the judgment of the trial court to award
Woodard credit for 258 days of time served[2] in the substance
abuse facility program, and we affirm the judgment as modified.

 

________________________

GINA
M. BENAVIDES,

Justice

 

Do not publish.

Tex. R. App.
P. 47.2 (b).

 

Delivered and filed the

14th day of July, 2011. 

 









[1] Article
42.03 section 2(a) states in part that no credit is given if such time served
was a “confinement served as a condition of community supervision,” is
superseded by art. 42.12 §23(b) such that when specifically dealing with
court-ordered treatment programs, the defendant receives credit for time
served, even if that program was a condition of community supervision.  Tex Crim. Proc. Code Ann. art. 42.03 § 2(a).






[2] Credit comes from the days Woodard served
in SAFPF between February 20, 2008 and November
2, 2008.