

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### No. PD-0917-08

**ANGEL RESENDEZ, Appellant**

**v.**

**THE STATE OF TEXAS**

## ON THE STATE'S PETITION FOR DISCRETIONARY REVIEW
## IN CAUSE NO. 14-05-00098-CR FROM THE 14TH COURT OF APPEALS
## HARRIS COUNTY

HOLCOMB, J., filed a dissenting opinion, in which MEYERS and JOHNSON, JJ.,
joined.

After reviewing the record, I agree with the court of appeals that Mr. Resendez properly

preserved his Article 38.22 complaint for appellate review. *See Resendez v. State*, 256 S.W.3d 315,

333-335 (Tex.App.–Houston [14th Dist.] 2007). Because the majority of this Court does not so hold,

I respectfully dissent.

On September 19, 2003, Resendez's first counsel filed a motion to suppress the videotaped

statement in question. That motion specifically invoked the requirements of Article 38.22 of the Texas Code of Criminal Procedure. One of those requirements is that a videotaped custodial statement is admissible against an accused only if "during the recording the accused is given the [*Miranda*] warning . . . and the accused knowingly, intelligently, and voluntarily waives any rights set out in the warning." Tex. Code Crim. Proc. art. 38.22, § 3(a)(2).

On October 29, 2004, Resendez's second counsel filed a second motion to suppress. That motion specifically invoked the Fifth Amendment to the United States Constitution and Article I of the Texas Constitution.

On November 8, 2004, the trial court held a hearing on the two motions to suppress. As the court of appeals noted, "Nothing in the record suggests [Resendez's] first motion was withdrawn or amended, so presumably the trial court considered both motions." *Resendez*, 256 S.W.3d at 334 (on rehearing).

At that suppression hearing, the following transpired:

DEFENSE COUNSEL: [T]here's nothing on State's Exhibit No. 2-A [the transcript of the videotaped statement in question] which would be reflective of him being read his *Miranda* warnings at the beginning, that, it's a verbatim transcript of what he simply said. They did not *Mirandize* him on the tape, which they did not do, that's clear. The court's had an opportunity to review that tape; State's Exhibit No. 2-A is not going to be reflective of any *Miranda* warnings given thus far.

TRIAL COURT: I understand, counsel. You have made a fine point of law.

\*   \*   \*

THE STATE: We will stipulate nowhere on the videotape of State's Exhibit No. 2-A is there *Mirandized* warnings given to this defendant.

Rule 33.1(a)(1)(A) of the Texas Rules of Appellate Procedure provides:

"As a prerequisite to presenting a complaint for appellate review, the record must show that the complaint was made to the trial court by a timely request, objection, or

motion that stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context."

In order to satisfy Rule 33.1's requirement, "all a party has to do . . . is to let the trial judge know what he wants, why he thinks himself entitled to it, and to do so clearly enough for the judge to understand him." *Lankston v. State*, 827 S.W.2d 907, 909 (Tex.Crim.App. 1992). This standard is "not to be implemented by splitting hairs in the appellate courts." *Ibid*.

Unless we "split hairs," I conclude that Resendez's counsel satisfied the fairly minimal requirements of Rule 33.1. His complaint to the trial court was sufficiently specific to make the trial court aware of his Article 38.22 complaint. Certainly, we can presume that the learned trial judge, when listening to and evaluating defense counsel's argument, was well aware of Article 38.22's requirements. A reasonable judge in the trial judge's position would have understood defense counsel's argument. Moreover, the trial judge here stated on the record that he understood defense counsel's argument, and the State conceded on the record that the videotaped statement did not satisfy the Article 38.22 requirement that the *Miranda* warnings appear on the tape. As the court of appeals stated:

> "We need not engage in speculation as to whether the [trial] court was aware of [Resendez's] complaint. The trial court's statement and the prosecutor's stipulation indicate[d] they both understood [defense] counsel was arguing a violation of the Code due to the absence of *Miranda* warnings on the videotape." *Resendez*, 256 S.W.3d at 335 (on rehearing).

In my view, the reason the trial court ultimately denied Resendez's motion to suppress was not because the trial court was unaware of Resendez's argument concerning the lack of *Miranda* warnings on the videotape, which is at issue here, but rather because the trial court was of the opinion, possibly correctly, that the videotape was admissible despite the lack of *Miranda* warnings

because Resendez testified to essentially the same facts at his co-defendant's trial.

The majority, with its overly strict application of Rule 33.1, is breaking with the spirit of *Lankston* and putting too great a burden on defense counsel.  I respectfully dissent.

FILED OCTOBER 21, 2009

PUBLISH