**Thomas Wyman BADGETT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14-97-01404-CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 7, 1999.

Rehearing Overruled Nov. 18, 1999.

Greg Glass, Herb Ritchie, Houston, for appellants.

Kimberly Aperauch Stelter, Houston, for appellees.

Panel consists of Justices MAURICE E. AMIDEI, EDELMAN, and WITTIG.

## OPINION

RICHARD H. EDELMAN, Justice.

Thomas Wyman Badgett appeals a misdemeanor conviction for driving while intoxicated ("DWI") on the grounds that the trial court erred in denying his motion to suppress evidence of his blood test results because his blood specimen was taken: (1) as a result of an illegal arrest; (2) without a search warrant; and (3) without meeting the statutory requirements for doing so without his consent. We affirm.

### Background

Appellant was involved in an automobile collision in May of 1997. After administering field sobriety tests to appellant at the scene of the collision, Baytown Police Officer James Kerr placed appellant under arrest for suspicion of DWI. Appellant was taken to the Baytown Police Station where he was video-taped but declined to give a blood sample. Kerr then took appellant to a local hospital where a sample of his blood was drawn over his objection.

Appellant was thereafter charged with DWI and filed a motion to suppress the results of his blood test. The motion argued that section 724.012(b)(2) of the Texas Transportation Code had been violated because Kerr did not witness the accident, and therefore, could not reasonably believe that the collision was caused by appellant's

alleged offense of DWI, which invalidated that taking of appellant's blood. The motion further contended that because Kerr did not witness appellant driving or operating a motor vehicle, Kerr violated the requirement in Chapter 14 of the Texas Penal Code that a misdemeanor be committed in the presence of an officer in order to justify a warrantless arrest. At the hearing on the motion, appellant argued only that the specimen was taken in violation of the Transportation Code. The trial court denied the motion to suppress and appellant entered a negotiated no contest plea. Appellant's four points of error on appeal all complain of the trial court's denial of his motion to suppress.

### Standard of Review

■ A trial court's ruling on a motion to suppress is generally reviewed for abuse of discretion. *See Oles v. State*, 993 S.W.2d 103, 106 (Tex.Crim.App.1999). The trial court is the sole trier of fact and judge of the weight and credibility of the evidence. *See State v. Ballard*, 987 S.W.2d 889, 891 (Tex.Crim.App.1999). Therefore, we afford almost total deference to trial courts' determinations of historical facts supported by the record and their rulings on application of law to fact questions, also known as mixed questions of law, when those fact findings and rulings are based on an evaluation of credibility and demeanor. *See Maestas v. State*, 987 S.W.2d 59, 62 (Tex.Crim.App.1999). Thus, the reviewing court may not disturb supported findings of fact absent an abuse of discretion. *See Ballard*, 987 S.W.2d at 891. We review *de novo* mixed questions of law and fact that do not turn on an evaluation of credibility and demeanor.

*See Maestas*, 987 S.W.2d at 62. The misapplication of law to the facts of a particular case is a *per se* abuse of discretion. *See Ballard*, 987 S.W.2d at 893.[1] In reviewing a trial court's decision on a motion to suppress, we view the evidence in the light most favorable to the trial court's ruling. *See id.* at 891.

### Warrantless Arrest

■ Appellant's first point of error challenges the denial of his motion to suppress because his blood specimen was the result of an illegal arrest. Appellant argues that the arrest did not comply with article 14.01 of the Texas Code of Criminal Procedure because the police officers neither saw appellant driving nor had a warrant for his arrest.[2]

■ When a defendant seeks to suppress evidence on the basis of a Fourth Amendment violation, the burden of proof is initially with the defendant. *See Russell v. State*, 717 S.W.2d 7, 9 (Tex.Crim.App. 1986). The defendant meets his initial burden of proof by establishing that a search or seizure occurred without a warrant. *See id.* Once the defendant has established that no warrant was obtained, the burden of proof then shifts to the State to produce evidence of a warrant or prove the reasonableness of the search or seizure. *See id.* at 9–10.

■ Without evidence affirmatively showing there was no warrant, the State never has the burden to prove reasonable suspicion to detain or probable cause to arrest. *See Telshow v. State*, 964 S.W.2d 303, 307 (Tex.App.—Houston [14th Dist.] 1998, no pet.).[3] This minimal burden can be met by the defense asking the arresting

1. *Compare Guzman v. State*, 955 S.W.2d 85, 89 (Tex.Crim.App.1997) (stating that an abuse of discretion standard does not necessarily apply to application of law to fact questions the resolution of which does not turn on an evaluation of credibility and demeanor).

2. Appellant asserted this argument in his motion to suppress but not at the hearing.

3. Appellate courts have been reluctant to infer the lack of a warrant when a defendant fails to produce affirmative evidence demonstrating there was no warrant at the time of arrest. *See Telshow v. State*, 964 S.W.2d 303, 307–08 (Tex.App.—Houston [14th Dist.] 1998, no pet.) (affirming the denial of a motion to suppress because the defendant did not affirmatively ask a witness whether a warrant existed at the time of the arrest); *White v. State*, 871 S.W.2d 833, 836–37 (Tex.App.—

officers at a hearing if they had a warrant at the time of the arrest. *See id.; Highwarden v. State,* 846 S.W.2d 479, 481 (Tex. App.—Houston [14th Dist.] 1993), *pet. dism'd, improvidently granted,* 871 S.W.2d 726 (Tex.Crim.App.1994). Furthermore, the absence of a warrant cannot be demonstrated by circumstantial testimony. *See Telshow,* 964 S.W.2d at 308; *White v. State,* 871 S.W.2d 833, 836 (Tex.App.—Houston [14th Dist.] 1994, no pet.).

In this case, the only witness called to testify at the suppression hearing was Kerr. He was never asked by the State or appellant whether he had a warrant to arrest ·appellant. Because no affirmative evidence established that the seizure occurred without a warrant, the burden never shifted to the State to either produce evidence of a warrant or prove the reasonableness of the seizure pursuant to one of the recognized exceptions to the warrant requirement. *See Telshow,* 964 S.W.2d at 308. Therefore, appellant's first point of error fails to demonstrate that the trial court erred in denying the motion to suppress and is overruled.

## Warrantless Search

■ Appellant's second and third points of error challenge the denial of his motion to suppress on the ground that appellant's blood specimen was taken without a search warrant in violation of the Fourth Amendment of the United States Constitution and Article I, Section 9, of the Texas Constitution. Because neither of these grounds were asserted in the motion to suppress or at the hearing on the motion, neither complaint has been preserved

Houston [14th Dist.] 1994, no pet.) (upholding the denial of a motion to suppress because testimony which circumstantially demonstrates that an arrest was made without a warrant is insufficient to shift burden to State); *Highwarden v. State,* 846 S.W.2d 479, 481(Tex.App.—Houston [14th Dist.] 1993), *pet. dism'd, improvidently granted,* 871 S.W.2d 726 (Tex.Crim.App.1994) (noting that defendant did not meet initial burden of proving a warrantless arrest, resulting in the denial of her motion to suppress, because she did not ask the officers at trial if they had a warrant

for our review. *See State v. Mercado,* 972 S.W.2d 75, 77 (Tex.Crim.App.1998) (recognizing that new theories of law not presented to a trial court may be considered on appeal only in affirming and not in reversing a trial court's decision). Moreover, as noted above, appellant failed to establish the lack of a warrant. Accordingly, his second and third points of error are overruled.

## Compliance with Transportation Code

■ Appellant's fourth point of error challenges the denial of his motion to suppress because appellant's blood specimen was taken over appellant's refusal and in violation of Section 724.013 of the Texas Transportation Code. Appellant argues that this section was violated because Kerr did not have appellant's permission to take the blood sample, independent knowledge that appellant was the operator of a motor vehicle involved in the accident, or any basis to reasonably believe that the accident occurred as a result of appellant driving while intoxicated.

Section 724.013 of the Texas Transportation Code states that "[e]xcept as provided by Section 724.012(b), a specimen may not be taken if a person refuses to submit to the taking of a specimen designated by a peace officer." *See* TEX.TRANSP. CODE ANN. § 724.013 (Vernon Supp.1998). Section 724.012(b)(2) provides that a peace officer shall require the taking of a person's breath or blood specimen if "the person was the operator of a motor vehicle ... involved in an accident that the officer reasonably believes occurred as a result of the offense." *See id.* § 724.012(b)(2).[4]

at the time of her arrest); *Johnson v. State,* 834 S.W.2d 121, 124 (Tex.App.—Houston [1st Dist.] 1992, pet. ref'd)(affirming denial of defendant's motion to suppress because the burden never shifted to the State despite the defendant's argument that testimony at the suppression hearing demonstrated circumstantially that he was arrested without a warrant).

4. Appellant does not challenge the existence of the other requirements of section 724.012(b), *i.e.,* that appellant was arrested for an offense under Chapter 49 of the Penal

In this case, appellant was standing beside his vehicle when Officer Kerr arrived on the scene of the accident. Sergeant Traylor, the officer working the accident that night, handed Kerr appellant's license and stated that appellant was one of the drivers in the accident, he might be intoxicated, and Kerr might want to perform a field sobriety test. After performing several field sobriety tests, Kerr believed that appellant might be intoxicated and placed him under arrest. Kerr testified that, based on his experience, he also believed at the time of appellant's arrest that appellant could have been at fault for the accident because appellant was intoxicated. However, at the time Kerr left the scene with appellant, the accident reconstruction team had not yet determined which driver was at fault.

We initially conclude that: (1) Kerr was justified in relying on the information he received from Traylor that appellant was the operator of a motor vehicle involved in an accident; and (2) the results of Kerr's field sobriety tests provided a reasonable belief that appellant had committed the offense of operating the vehicle while intoxicated. The remaining question is whether: (a) the mere fact that appellant had been involved in an accident while driving while intoxicated was sufficient to establish a reasonable belief that the accident occurred as a result of the offense; or, alternatively, (b) section 724.012(b)(2) further required a showing that facts were known at the time of taking appellant's blood specimen that affirmatively indicated appellant was at fault in causing the accident.

Depending on such factors as the complexity of an accident, the urgency of the need to attend to the injured or traffic

conditions, the difficulty of conducting the investigation, the availability of sufficient law enforcement personnel, the physical condition of those involved in the accident, and the possibility of conflicting accounts of the facts, completion of an accident investigation and identification of the likely causative factors may, as in this case, not be possible in a time frame in which a defendant may reasonably be detained or a meaningful specimen be taken from him. Moreover, because intoxication is widely known to impair a driver's ability to drive safely, the fact that an accident has occurred in which a driver was intoxicated supports a reasonable inference that the intoxicated condition of the driver contributed to the accident. In light of these considerations, we do not believe that section 724.012(b)(2) can reasonably be interpreted to impose an obligation on law enforcement personnel to possess specific evidence that an intoxicated defendant was at fault in causing the accident before a specimen may be taken involuntarily, but only that an accident has occurred in which an intoxicated driver was involved.[5] Therefore, we: (i) conclude that appellant has failed to establish a violation of section 724.013; (ii) overrule his fourth point of error; and (iii) affirm the judgment of the trial court.

Code involving the operation of a motor vehicle, the officer reasonably believed at the time of arrest that a person had died or would die as a direct result of the accident, or a person refused the officer's request to submit to the taking of a specimen voluntarily. *See* Tex Transp. Code Ann. § 724.012(b)(1),(3),(4) (Vernon Supp.1998).

5. *See Mitchell v. State,* 821 S.W.2d 420, 425 (Tex.App.—Austin 1991, pet. ref'd.) (holding that an officer who never visited an accident scene could reasonably believe, based on information from another officer, that the defendant had been driving while intoxicated and that the accident occurred as a result of the offense, thereby justifying the taking of a blood sample without consent).