

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-09-00309-CV

IN THE INTEREST OF
T.A.W., L.J.W., M.M.W.,
AND J.M.W., MINOR
CHILDREN

------------

FROM THE 78TH DISTRICT COURT OF WICHITA COUNTY

------------

## MEMORANDUM OPINION[1]

------------

## I.  Introduction

In five issues, Appellant Father appeals from the trial court's denial of his petition to modify child support, arguing that the trial court abused its discretion by denying his request to reduce his child support obligation.  We reverse and remand.

---

[1]*See* Tex. R. App. P. 47.4.

## II. Factual and Procedural Background

As set forth in the December 2005 final decree of divorce, Father is obligated to pay Mother $6,500 per month in child support for their four children. In April 2007, Father filed a petition to modify the parent-child relationship, seeking to reduce this amount. After hearing evidence pertaining to the parties' income and the children's expenses,[2] the trial court set out the following in its order:

> (a) the monthly net resources of the obligor per month are in excess of $7,500.00 (the income from [Father's] medical practice in 2008 was $476,721.00);
>
> (b) the monthly net resources of the obligee per month are $3,000.00;
>
> (c) the percentage applied to the obligor's net resources for child support by the actual order rendered by the Court is 35%, reducing as each child is emancipated per statute;
>
> (d) the amount of child support if the percentage guidelines are applied to the portion of the obligor's net resources that does not exceed the amount provided by section 154.125(a), Texas Family Code, is as follows:
>
> > 35% = $2,625.00
> >
> > 30% = $2,250.00
> >
> > 25% = $1,875.00
> >
> > 20% = $1,500.00;
>
> (e) the specific reasons that the amount of child support per month ordered by the Court varies from the amount stated in Subdivision

---

[2]Specific portions of the relevant testimony are set out below.

2

(4) are that the children's proven needs exceed $2,625.00 per month. The Court finds that the basic general needs of the children are $5,810.00 per month. The Court finds that the specific proven needs of the individual children are $1,210.00 per month. The Court finds that the total proven needs of the children are $7,020.00 per month; [and]

. . . .

(g) pursuant to Section 156.126, Texas Family Code, the Court finds that the total proven needs of the children are $7,020.00. The Court finds that the presumptive award of child support is $2,625.00. The Court allocates the award of child support over and above the presumptive award, as follows:

$3,875.00 to [Father]

$ 520.00 to [Mother].

The trial court concluded that because Father's child support obligation was set at $6,500 per month, and because the children's needs exceeded that amount, it would not change the child support provisions in the divorce decree. The trial court also adopted the following pertinent proposed findings of fact and conclusions of law:

2. The amount of child support ordered by the Court is in excess of the amount provided for by the percentage guidelines;

3. The Court finds that [Father]'s net income is as follows:
a. 2005 (year of divorce) – medical practice  $460,933.00
b. 2008 – medical practice                     $476,721.00;

4. The amount of net resources available to [Father] per month is in excess of $7,500.00[;]

5. The amount of net resources available to [Mother] per month is $3,000.00;

3

. . . .

11.   The Court further finds that the amounts of support of the children based upon their needs and best interest of the children are as follows:

a.   Basic general needs of the children are $5,810.00 per month as follows:

| | |
|---|---|
| Housing | $1,200.00 |
| Utilities | $500.00 |
| Food | $800.00 |
| Medications (Uninsured) | $100.00 |
| Transportation | $1,000.00 |
| Counseling | -0.00- |
| Tutoring | -0.00- |
| School Lunches | $160.00 |
| Hair Cuts & Miscellaneous grooming needs | $100.00 |
| Clothing/cleaning | $350.00 |
| Medical – including optometric (misc.) not covered by ins., included separately | |
| Vacations | $500.00 |
| Private Schools | -0.00- |
| Misc. Expenses | $1,100.00 |

b.   Specific needs of the individual children are $1,210.00 per month as follows:

[Child 1]

| | |
|---|---|
| Sports lessons/camps | $50.00 |
| Additional sports equipment | $20.00 |
| Additional medical (uninsured) | $50.00 |
| College prep tests/trips | $125.00 |
| Special school expenses | $50.00 |
| | $295.00 |

[Child 2]

| | |
|---|---|
| Sports lessons/camps | $50.00 |
| Additional sports equipment | $20.00 |
| Additional medical (uninsured) | $60.00 |
| College prep tests | $25.00 |
| Special school expenses | $50.00 |
| Car expenses | $20.00 |
| | $225.00 |

4

[Child 3]

| | |
|---|---|
| Sports lessons/camps | $350.00 |
| Sports/cheerleading equip./clothes | $80.00 |
| Optometric needs | $50.00 |
| Cheerleading expenses | $40.00 |
| | $520.00 |

[Child 4]

| | |
|---|---|
| Sports lessons/camps | $120.00 |
| Additional clothes | $20.00 |
| Special school expenses | $30.00 |
| | $170.00 |

  c. Total support needs are $7,020.00 per month.

After setting out the children's itemized basic general needs and individual specific needs, the court made the following conclusions of law that Father now challenges:

> 3. The Court finds that there have been no material and substantial changes since the date of the Order's rendition in regards to the children or a person affected by the Order which would warrant a reduction of child support.
>
>  . . . .
>
> 5. In determining whether application of the guidelines was unjust or inappropriate under the circumstances, the Court considered evidence of all relevant factors, including factors set forth in Section 154.123 of the Texas Family Code.
>
>  . . . .
>
> 10. In comparing the needs of the children at the time of rendition of the Order with the needs of the children at the time modification is sought, there have been no material and substantial changes so as to warrant modification of child support.

5

### III. Discussion

Father complains that the trial court abused its discretion when it refused to reduce his child support obligation by (1) considering evidence of Father's and the children's lifestyles, contrary to family code section 154.126(a); (2) concluding that the children's proven needs were $7,020 per month; (3) failing to segregate portions of the housing, utilities, food, and transportation costs to Mother, her new husband, and her two step-children; (4) finding that there have been no material and substantial changes since the rendition of the divorce decree that would warrant a reduction of child support; and (5) ordering him to pay more than 100 percent of the children's proven needs, in violation of section 154.126(b).

### A. Standard of Review

We review a trial court's refusal to modify child support for an abuse of discretion. *In re B.S.H.*, 308 S.W.3d 76, 78 (Tex. App.—Fort Worth 2009, no pet.); *In re P.J.H.*, 25 S.W.3d 402, 405 (Tex. App.—Fort Worth 2000, no pet.). If there is some probative and substantive evidence to support the judgment, the trial court did not abuse its discretion. *B.S.H.*, 308 S.W.3d at 78; *P.J.H.*, 25 S.W.3d at 405. An abuse of discretion does not occur when the trial court bases its decisions on conflicting evidence. *In re Barber*, 982 S.W.2d 364, 366 (Tex. 1998) (orig. proceeding).

A trial court abuses its discretion if it misapplies the law to established facts. *State v. Sw. Bell Tel. Co.*, 526 S.W.2d 526, 528 (Tex. 1975); *In re Talco-*

6

*Bogata Consol. Indep. Sch. Dist. Bond Election*, 994 S.W.2d 343, 347 (Tex. App.—Texarkana 1999, no pet.). Legal and factual sufficiency of the evidence are relevant factors in determining whether the trial court has abused its discretion but are not independent grounds for asserting error. *In re A.J.J.*, No. 02-04-00265-CV, 2005 WL 914493, at *1 (Tex. App.—Fort Worth Apr. 21, 2005, no pet.) (mem. op.).

The trial court's findings of fact are reviewable for legal and factual sufficiency of the evidence to support them by the same standards that are applied in reviewing evidence supporting a jury's answer. *Ortiz v. Jones*, 917 S.W.2d 770, 772 (Tex. 1996); *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994). We may sustain a legal sufficiency challenge only when (1) the record discloses a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla; or (4) the evidence establishes conclusively the opposite of a vital fact. *Uniroyal Goodrich Tire Co. v. Martinez*, 977 S.W.2d 328, 334 (Tex. 1998), *cert. denied*, 526 U.S. 1040 (1999); Robert W. Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error*, 38 Tex. L. Rev. 361, 362–63 (1960). In determining whether there is legally sufficient evidence to support the finding under review, we must consider evidence favorable to the finding if a reasonable factfinder could and disregard evidence contrary to the finding unless a reasonable factfinder could not. *Cent. Ready Mix Concrete Co. v. Islas*, 228

7

S.W.3d 649, 651 (Tex. 2007); *City of Keller v. Wilson*, 168 S.W.3d 802, 807, 827 (Tex. 2005).

When reviewing an assertion that the evidence is factually insufficient to support a finding, we set aside the finding only if, after considering and weighing all of the evidence in the record pertinent to that finding, we determine that the evidence supporting the finding is so weak, or so contrary to the overwhelming weight of all the evidence, that the answer should be set aside and a new trial ordered. *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex. 1986) (op. on reh'g); *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex. 1965); *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660, 661 (1951).

## B. Modification

A trial court may modify a child support order on a showing that the circumstances of a child or a person affected by the order "have materially and substantially changed" since the order was signed. Tex. Fam. Code Ann. § 156.401(a) (Vernon 2008); *In re A.J.J.*, 2005 WL 914493, at *1–2. The party seeking to modify a child support order has the burden to prove by a preponderance of the evidence that a material and substantial change in circumstances has occurred. *In re Z.B.P.*, 109 S.W.3d 772, 781 (Tex. App.— Fort Worth 2003, no pet.); *Hoffman v. Hoffman*, 805 S.W.2d 848, 851 (Tex. App.—Corpus Christi 1991, writ denied). In a modification proceeding, the trial court compares the financial circumstances of the child and the affected parties at the time the support order was entered with their circumstances at the time the

8

modification is sought. *Holley v. Holley*, 864 S.W.2d 703, 706 (Tex. App.— Houston [1st Dist.] 1993, writ denied).

We initially note that because Father's petition for modification was filed before September 1, 2007, former section 154.126 governs the child-support-modification request in this case. *See* Act of April 6, 1995, 74th leg., R.S., ch. 20, § 1, 1995 Tex. Gen. Laws 113, 162–63 (amended 2007) (current version at Tex. Fam. Code Ann. § 154.126 (Vernon 2008)).[3] Former section 154.126 provides:

> (a) If the obligor's net resources exceed [$6,000 per month], the court shall presumptively apply the percentage guidelines to the [first $6,000 of the obligor's net resources]. Without further reference to the percentage recommended by these guidelines, the court may order additional amounts of child support as appropriate, *depending on the income of the parties and the proven needs of the child*.

> (b) The proper calculation of a child support order that exceeds the presumptive amount established for the [first $6,000 of the obligor's net resources] requires that the entire amount of the presumptive award be subtracted from the proven total needs of the child. After the presumptive award is subtracted, the court shall allocate between the parties the responsibility to meet the additional needs of the child according to the circumstances of the parties. However, in no event may the obligor be required to pay more child support than the greater of the presumptive amount or the amount equal to 100 percent of the proven needs of the child.

*Id.* (emphasis added).

---

[3]The 2007 amendment changed, among other things, the monthly net-resource amount from $6,000 to $7,500. *See* Tex. Fam. Code Ann. § 154.125 (Vernon 2008).

Though the parties disagree on Father's actual income, they do not dispute that his income is greater than the $6,000 per month necessary to trigger section 154.126.[4] Applying the percentage guidelines to the first $6,000 of Father's income results in presumptive child support amounts below those contained in the trial court's order:

| Presumptive Amount | Trial Court's Order |
|---|---|
| 35% = $2,100 | $2,625 |
| 30% = $1,800 | $2,250 |
| 25% = $1,500 | $1,875 |
| 20% = $1,200 | $1,500 |

*See* Tex. Fam. Code Ann. §§ 154.125, 154.126(a) (Vernon 2008). The presumptive child support amounts listed in the trial court's order were based on the revised monthly income level of $7,500 which took effect on September 1, 2007. Father's petition for modification was filed on April 9, 2007. Thus, the trial court misapplied the law to Father's income level before reaching its proven needs findings.

Notwithstanding this error, because the trial court determined that the children's needs had not materially and substantially changed, our next step is to

---

[4]Even though Father contends that his income is decreasing, the amount he claims is well above that necessary to trigger the narrow assessment and limited factors of section 154.126.

determine whether the court abused its discretion by reaching this conclusion. This requires comparing the children's current needs with those at the time of the divorce decree. Father's first, second, and third issues all relate to the court's determination of the children's current proven needs.

### 1. Consideration of Lifestyle Evidence

In his first issue, Father challenges the court's use of factors beyond those listed in section 154.126 as indicated in conclusion of law number 5, arguing that the trial court abused its discretion by considering evidence of Father's and the children's lifestyles.

Section 154.126(a) does not include lifestyle in the two factors it delineates for consideration of child support awards above the presumptive amount: (1) the proven needs of the children, and (2) the income of the parties. Tex. Fam. Code Ann. § 154.126(a); *see also Gray v. Nash*, 259 S.W.3d 286, 291 (Tex. App.— Fort Worth 2008, pet. denied) (indicating that every word excluded from a statute is presumed excluded for a purpose). In evaluating section 154.126's predecessor statute, the supreme court limited consideration of child support above the presumptive amount in high-income cases to those factors expressly listed in the statute. *See Rodriguez v. Rodriguez*, 860 S.W.2d 414, 416–17 (Tex. 1993) (construing predecessor statute). Therefore, lifestyle evidence cannot be considered in determining a child support award above the presumptive amount when the obligor's net monthly resources are greater than $6,000. *See id.*; *Lide v. Lide*, 116 S.W.3d 147, 156 (Tex. App.—El Paso 2003, no pet.); *see also In re*

*Gonzalez*, 993 S.W.2d 147, 159 n.3 (Tex. App.—San Antonio 1999, no pet.) (holding that section 154.126 narrows the factors to consider in high-income child support cases); *Scott v. Younts*, 926 S.W.2d 415, 420 (Tex. App.—Corpus Christi 1996, writ denied) (holding that while the court can consider a wide range of factors in setting support obligations for obligors earning less than the $6,000 threshold, the trial court improperly considered factors outside of those narrowly defined in section 154.126 for an obligor earning over $6,000 per month); *In re Marriage of Thurmond*, 888 S.W.2d 269, 278 (Tex. App.—Amarillo 1994, writ denied) (reinforcing *Rodriguez's* conclusion that "lifestyle" could not be considered when awarding child support beyond the presumptive level in cases where the obligor's income rose above the statutorily designated income level).

At the hearing, the trial court overruled Father's objections to questions about how much he spent on travel expenses and allowed Mother to question him about his travel habits and trips taken from 2006 to 2008.[5]  Father also objected to questions on expenditures related to the children.  Father's allegation that the expenditures represented the children's lifestyle, not their needs, sparked a discussion with the trial court on the factors relevant to its analysis, which concluded with the trial court stating,

> It sounds like you're saying I cannot take into account his income, what the kids were used to, the lifestyle they were accustomed to; all

---

[5]Mother argued that Father's expenses were relevant to his complaint that his income was being reduced while he was still living a "lavish lifestyle, and claiming poverty."

12

I can do is say his definition of needs and it's got to be less than this amount, and I can't take into account other factors that might be relevant to their situation in life.

. . . .

I am going to overrule your objection. I'm not going to find that I'm limited purely to your definition of "needs" and that I can't consider the financial condition of the person paying the child support, nor can I consider the lifestyle to which he helped them become accustomed to prior to the divorce, and that his definition of, quote, needs, is binding upon me. I'm not going to be that restrictive in it.

So if that's what you're telling me I need to do, I'm going to overrule your objection, and I will sure try to follow the law but I don't interpret the law as you have outlined it with that limitation of his definition of "needs" and that restrictive.

And as set out in conclusion of law number 5, the trial court stated that in determining whether application of the guidelines was unjust or inappropriate, it considered evidence of all relevant factors, not just the two listed in section 154.126. Thus, even if the trial court correctly exercised its discretion by rejecting Father's definition of "need" as being overly narrow, the record reflects that the trial court erred by considering a factor—lifestyle—beyond those outlined in family code section 154.126(a). *See* Tex. Fam. Code Ann. § 154.126(a); *see also Lide*, 116 S.W.3d at 156; *In re Gonzalez*, 993 S.W.2d at 159 n.3; *Scott*, 926 S.W.2d at 420; *In re Marriage of Thurmond*, 888 S.W.2d at 278. We sustain Father's first issue.

## 2. Proven Needs

In his second and third issues, Father challenges the trial court's needs assessment, challenging finding of fact number 11 itemizing the children's needs

and alleging that the trial court erred by including inappropriate items in the supported children's proven needs and by failing to segregate the supported children's expenses from Mother's, her new husband's, and her step-children's.

### a. Parents' Testimonies

Mother testified that she had remarried and that two step-children occasionally resided with her. She further testified that none of the current housing, utilities, food, or transportation expenses in the divorce decree were allocated to her herself, her husband, or her step-children; that her current husband does not contribute to the mortgage or utility expenses; that the supported children's transportation expenses, originally $1,500 at the time of the divorce, now totaled $900 per month; that the cost of vacations had decreased; and that she would have cable and internet service regardless of the supported children's presence. She also noted that several expenses present at the time of the divorce decree—maid service, counseling, tutoring, and private school tuition—no longer existed.[6] Additionally, she testified that her mortgage payment, $3,000 at the time of the divorce decree, was now $1,775.[7] She

---

[6]Mother's interrogatory responses indicated that tutoring and housekeeping services had ended, but she testified that subsequent to discovery, some level of tutoring had resumed and that she had since hired a cleaning lady.

[7]Mother stated that the $1,775 that she supplied in discovery prior to the trial was not accurate, but she failed to supplement her responses prior to the hearing. Mother had apparently moved since the divorce, stating "There was no way I could have stayed in the house I was in and afford it . . . ."

offered conflicting testimony as to what portion of her current mortgage was attributable to the children, initially testifying that eighty percent was attributable to the supported children, but subsequently admitting her share of the monthly housing expense was $1,000. Mother also admitted that even though the divorce decree's child-support award included clothing expenses, she required Father to purchase a separate set of clothing for the children to keep at his house because it was "too stressful" on the children to pack for each visit.[8]

In defending the current support level, Mother stated that as the children have grown older, their interests and activities have increased their support needs. Mother offered into evidence a written summary of each child's extracurricular sports, college preparatory work, academic conference, and summer camp activities. Father disputes that these activities are "needs." Mother and Father both testified to sharing the additional expenses related to the purchase, maintenance, and registration fees of the two older boys' cars, as well as the expenses associated with extraordinary events for all four children such as summer camps, conferences, or vacations with friends.

---

[8]The monthly clothing allowance at the time of the divorce was $300, Mother testified that she now spends $500 and that Father "rarely" buys the children's clothes. Father disputed this claim, indicating that Mother's actions forced him to purchase a separate set of clothing for each child and that he routinely supplements the children's wardrobes above and beyond what is necessary to support their visitation with him.

### b. Modification Order

The trial court found the children's proven needs to be $7,020 per month, consisting of monthly "general needs" of $5,810 and "specific needs" of $1,210. The trial court's order contained schedules of the children's general and specific needs, listing "basic general needs" and "specific individual needs." It listed basic general needs as housing, utilities, food, medications (uninsured), transportation, counseling, tutoring, school lunches, haircuts and miscellaneous grooming needs, clothing, medical (not covered by insurance), vacations, and private schools, totaling $4,710,[9] in addition to a category listed as "Misc. Expenses" for $1,100, for a basic general needs total of $5,810 per month. It also listed specific, individual needs for each child, including sports lessons, camps, and equipment; college prep; uninsured medical expenses; cheerleading; and others, amounting to $295, $225, $520, and $170 respectively, and totaling $1,210 per month.

### c. Mother's Failure to Segregate Expenses

Mother admitted that the housing, food, utility, and transportation expenses she submitted included those of herself, her new husband, and her step-children. The record contains a copy of Mother's mortgage statement indicating that she pays $1,775 per month for housing. The trial court allocated Mother a portion of that amount, $1,200 per month, for the children's housing. Mother also testified

---

[9]Counseling, tutoring, and private schools were each listed as costing $0.

that she spent $1,200 per month on groceries, that her husband purchases separate groceries for her step-children, and that she attributes $200 per month of the grocery bill to herself. The trial court allocated $800 per month towards the children's food. Therefore, there is evidence of substantial and probative character to support the trial court's order that housing and food expenses are segregated in the current support schedule.

But the trial court failed to require Mother to segregate the children's particularized needs as to transportation and utilities from those of Mother, her new husband, and her step-children. *See Lide*, 116 S.W.3d at 158 (indicating that the trial court's finding was not supported by the record when the requesting parent failed to segregate, itemize, or explain the particularized needs of the children); *see also Nordstrom v. Nordstrom*, 965 S.W.2d 575, 579–80 (Tex. App.—Houston [1st Dist.] 1997, pet. denied), *cert. denied*, 525 U.S. 1142 (1999) (indicating Mother's conflicting testimony as to whether the child's portion of expenses were segregated from the Mother's was insufficient to support Mother's request to increase child support). Thus, the trial court abused its discretion by awarding Mother the full amount of these items.

### d. Children's General Needs

Family code section 154.126 instructs the trial court to consider the parties' income and the children's proven needs when assessing support above the presumptive level in high-income cases. Tex. Fam. Code Ann. § 154.126(a). The children's needs are not limited to "the bare necessities of life." *Rodriguez*,

17

860 S.W.2d at 418 n.3. The trial court must determine what the needs are on a case-by-case basis by following the "paramount guiding principle: *the best interest of the child.*" *Id.*; *see also Scott*, 926 S.W.2d at 420 (indicating that the child's best interest should be the guiding principle for determining the children's needs). Additionally, the children's needs must be supported by evidence and must be explained or itemized. *Lide*, 116 S.W.3d at 158.

The record supports the trial court's removal of the counseling, tutoring, and private school expenses. The net change in removing or reducing these items ($1,012) represents approximately a fifteen-percent decrease from the support amount originally specified in the divorce decree ($6,500). This reduction is effectively offset by the $1,100 per month that the trial court attributed to "Misc. Expenses." The miscellaneous expense category is not supported by any pleading or evidence. Mother testified to the increased expenses associated with the children's changed needs and interests, but the trial court accounted for those expenses when it determined each child's specific individual needs. Even given the trial court's broad discretion in determining the children's needs, because there is no record that Mother requested, itemized, or explained the "Misc. Expenses," the trial court could not have reasonably construed the $1,100 allocated to them as a "proven need." *See Lide*, 116 S.W.3d at 158 (indicating that reversal is required when the obligor's net resources exceed $6,000 per month and the obligee fails to segregate, itemize,

18

or explain expenses related to the children).  Therefore, the trial court abused its discretion in finding the "Misc. Expenses" as a proven need.

### e.  Children's Specific Needs

Father also challenges the items outlined in the children's specific-needs schedule, asserting that the expenses represent the children's interests but do not rise to the level of need.  The law does not require expert testimony to determine if a child's need exists.  *See Scott*, 926 S.W.2d at 421.  The trial court, as sole judge of the credibility of witnesses, may choose whether to believe a particular witness.  *See Fanning v. Fanning*, 828 S.W.2d 135, 150 (Tex. App.— Waco 1992), *aff'd in part, rev'd in part and remanded on other grounds*, 847 S.W.2d 225 (Tex. 1993).  And, even though the "needs of the child" are not so expansive as to encompass the most extravagant demands, the court is given broad discretion to determine the needs of the child.  *Scott*, 926 S.W.2d at 422. Mother testified about the additional expenses involved with the children's increased interests and activities.   Therefore, because Mother's testimony provides substantive and probative evidence supporting its findings, we cannot conclude that the trial court abused its discretion by including expenses related to the children's extracurricular, sporting, or interest-related activities in its child-support modification order.  *See id*.; *see also In re Pecht*, 874 S.W.2d 797, 802 (Tex. App.—Texarkana 1994, no writ) (recognizing that as children age, their interests expand and can become more expensive); *Hoffman*, 805 S.W.2d at 851 (same).

19

Finally, Father complains that the trialcourt erred by including uninsured medical expenses in the children's specific needs. Father claims that the modification order essentially overrules the divorce decree's order that the couple share these expenses, that the expenses should not be part of the monthly court ordered support, and that the expenses amount to a double recovery by Mother and the order awards Mother relief for which she did not plead.

The original divorce decree addressed the children's uninsured medical expenses in a section separate from the one defining the monthly child support obligation. Specifically, the divorce decree requires that the parties share expenses related to uninsured medical and dental care.[10] The children's "Specific Needs Schedule" incorporated into the trial court's modified child support order includes uninsured medical expenses for two of the children.

Because the original divorce decree and the parties' testimonies reflect that the children's uninsured medical expenses were already being met, the expense could not reasonably be considered a proven need of the children as required by family code section 154.126(a). *See* Tex. Fam. Code Ann. § 154.126(a); *see In re J.A.H.,* 311 S.W.3d 536, 543–44 (Tex. App.—El Paso 2009, no pet.) (denying a request to modify child support because the needs of

---

[10]Though the original divorce decree outlines six distinct circumstances related to payment for the children's uninsured medical and dental care, the parties do not dispute that, for the most part, it directs Father to pay seventy-five percent of the children's uninsured medical expenses and fifty percent of the children's dental expenses.

the children were already being met).  And, as the family code contemplates support above the presumptive amount for the children's *proven needs* in high income cases, inclusion of these expenses without modification of the original divorce decree's reimbursement clause results in a windfall for Mother by alleviating her responsibility for these expenses. Therefore, including the children's uninsured medical expenses was an abuse of the trial court's discretion.  *See id*.; *cf. Warren v. Warren*, No. 13-05-00429-CV, 2008 WL 668213, at *5 (Tex. App.—Corpus Christi Mar. 13, 2008, no pet.) (mem. op.) (holding that the family code contemplates an exact dollar amount based on proven needs and any award of additional child support above that results in a windfall in the form of double recovery).

For the reasons stated above, we conclude that the trial court abused its discretion when it determined the children's proven needs, and we sustain Father's second and third issues.

## IV. Conclusion

Having concluded that the trial court abused its discretion by using an incorrect income threshold in its analysis and by improperly considering lifestyle evidence; by requiring duplicative reimbursement for uninsured medical expenses; and by failing to require that Mother segregate the expenses associated with herself, her new husband, and her step-children in determining the proven needs of the supported children, we sustain Father's first, second, and third issues.[11]  We reverse the trial court's order and remand this case for further proceedings consistent with this opinion.


BOB MCCOY
JUSTICE

PANEL:  LIVINGSTON, C.J.; MCCOY; and MEIER, JJ.

DELIVERED:  November 24, 2010

---

[11]Based on our disposition of Father's first, second, and third issues we do not reach Father's fourth and fifth issues.  *See* Tex. R. App. P. 47.1; *In re C.C.J.*, 244 S.W.3d 911, 918 (Tex. App.—Dallas 2008, no pet.) (indicating that, unless the record contains both historical and current evidence, the court cannot determine whether a material and substantial change has occurred).