

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-13-00382-CR

Latoya **MAYBERRY**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 437th Judicial District Court, Bexar County, Texas
Trial Court No. 2010CR1138
Honorable Lori I. Valenzuela, Judge Presiding

Opinion by:     Luz Elena D. Chapa, Justice

Sitting:        Catherine Stone, Chief Justice
                Marialyn Barnard, Justice
                Luz Elena D. Chapa, Justice

Delivered and Filed:  August 27, 2014

AFFIRMED

Pursuant to the terms of a plea bargain, Latoya Mayberry pled guilty to burglary, was placed on deferred adjudication for seven years, and was ordered to pay restitution, a fine of $1,500, and court costs. On appeal, Mayberry challenges the trial court's pretrial rulings. We affirm the trial court's judgment.

## BACKGROUND

During his investigation of Mayberry's case, her counsel came to believe that Darrell Clark would be a possible witness. In February 2009, Mayberry served a subpoena duces tecum on an

officer with the parole office. The subpoena ordered the parole officer to deliver Clark's parole records, consisting of over two-hundred pages of documents, to an investigator for Mayberry's counsel at counsel's office. The officer complied with the subpoena.

Almost a year later, the district attorney's office learned about the subpoena and issued its own subpoena duces tecum, requiring the parole officer to produce Clark's parole records. The officer contacted Mayberry's counsel because she could not locate Clark's records.[1] In March 2010, the State filed a motion to order Mayberry's counsel to turn over the parole records to the trial court. The State also served a subpoena duces tecum on Mayberry's counsel's investigator, ordering him to produce the records in court for a hearing on the motion.

Mayberry filed a response and a motion to quash the subpoena on the investigator. He represented that although he was willing to return a copy of the records to the parole officer, he would decline to do so until the conclusion of Mayberry's trial and potential appeals. He argued the records sought by the subpoena constituted his work product and were not subject to discovery.

At a March 2010 hearing on the motions, the parole officer testified she had been unable to locate Clark's parole records when the State served its subpoena. She testified she needed the records because a parole hearing was to be held in Clark's case later that month and the records were "vital" to her preparation for the hearing.

The trial court granted the State's motion and ordered Mayberry's counsel to turn over the records to the court. The court informed the parties that it would then turn over the records to the parole office and that she would ensure that Mayberry's counsel had a copy of the records. The State eventually obtained a copy of the records from the parole office.

---

[1] The record does not conclusively show whether the parole office mistakenly turned over Clark's original parole records, or whether it simply misplaced them after turning over copies of the records.

In October 2012, Mayberry filed a motion to disqualify the Bexar County Criminal District Attorney and her entire office. Mayberry argued that disqualification was necessary because the State had obtained her counsel's notes about his potential questioning of Clark, which had been handwritten on the parole records turned over to the court. Although the trial court denied the motion, it ordered the State to substitute assistant district attorneys who had not previously been assigned to the 437th District Court and who had not seen Mayberry's counsel's handwritten notes. It also ordered that those attorneys, if they needed to review Clark's parole records, would only be provided copies that did not contain any of Mayberry's counsel's notes.

In May 2013, the State and Mayberry entered into a plea agreement through which she preserved her right to appeal pretrial rulings.

## DISCUSSION

On appeal, Mayberry contends that the trial court erred by ordering her counsel to turn over the parole records and by denying her motion to disqualify. Mayberry asks this court to reverse the judgment below, remand the cause for new trial, and to direct the trial court to appoint a special prosecutor.

### A. ORDER TO TURN OVER PAROLE RECORDS

Mayberry contends the trial court's order compelling her counsel to turn over his copies of Clark's parole records allowed the State to obtain improper discovery and violated the work-product doctrine.

#### 1) Discovery

Discovery in criminal cases has historically been quite limited. *See Washington v. State*, 856 S.W.2d 184, 187 (Tex. Crim. App. 1993). Article 39.14 governs what material and information the defendant and the State may seek to discover from the other. *See* Act of May 21, 1999, 67th Leg., R.S., ch. 578, § 1, 1999 Tex. Gen. Laws 3118 (amended 2005, 2009 & 2014) (current version

- 3 -

at TEX. CODE CRIM. PROC. ANN. art. 39.14 (West Supp. 2014)).[2] Both parties are also authorized to seek subpoenas to compel the appearance of a witness and subpoenas duces tecum to compel a witness to produce in court materials in their possession. *See* TEX. CODE CRIM. PROC. ANN. art. 24.01; 24.02 (West 2009).

Mayberry argues the trial court's order permitted the State to improperly obtain discovery. We disagree. The records in Mayberry's counsel's possession were the only extant copies of official government records that are supposed to remain confidential. *See* TEX. GOV'T CODE ANN. § 508.313 (West 2012). Those records or copies of them had been handed directly to Mayberry's counsel's investigator at counsel's office, rather than produced in court. *See* TEX. CODE CRIM. PROC. ANN. art. 24.02 ("If a witness have in his possession any instrument of writing or other thing desired as evidence, the subpoena may specify such evidence and direct that the witness bring the same with him and *produce it in court*.") (emphasis added). The parole officer testified that the parole office independently needed the records because Clark had an upcoming parole hearing and that they were vital to her preparation for the hearing. The State did not ask the trial court to order Mayberry's counsel to turn over the records to its assistant district attorneys, but to the parole office. And the trial court did not order Mayberry's counsel to produce the records to the district attorney's office, but rather to the court, with the understanding that the court would turn over the records to the parole office. Under the unique circumstances of this case, we conclude that the trial court's order did not constitute "discovery."

### 2) Work Product

"The work-product doctrine is designed for the benefit of the lawyer by protecting the lawyer from being compelled to disclose 'the fruits of his labor to his adversary.'" *Carmona v.*

---

[2] This opinion discusses the law of discovery as it existed prior to January 1, 2014, when the Michael Morton Act became effective and significantly changed discovery procedure.

*State*, 941 S.W.2d 949, 953 (Tex. Crim. App. 1997) (quoting STEVEN GOODE, OLIN GUY WELLBORN III & M. MICHAEL SHARLOT, 1 TEXAS PRACTICE GUIDE TO THE TEXAS RULES OF EVIDENCE: CIVIL AND CRIMINAL 231 (West 1988)). "The work product doctrine creates a privileged area within which attorneys can analyze and prepare a case without fear that the fruits of their labor will be disclosed for the other side's use . . . ." *Adams v. State*, 969 S.W.2d 106, 114 (Tex. App.—Dallas 1998, no pet.).

Mayberry argued to the trial court that the parole records became her counsel's work product once he subpoenaed them. We disagree. In *Adams v. State*, the State had permitted the defendant to make a copy of the State's recording of the defendant while he was at the police station following his arrest. 969 S.W.2d at 112. The State accidentally destroyed its original recording before trial. *Id.* at 112–13. It then compelled through subpoena the defendant to produce his copy in court and introduced it into evidence in its case-in-chief. *Id.* at 113. The Dallas court of appeals rejected the defendant's complaint that the subpoena violated the work-product doctrine, holding "[t]he notion that information which is tendered as a result of court ordered or statutorily mandated discovery, can be converted into privileged information, though it has not been altered since tendering, enhanced by fruits of an attorney's labor since tendering, or added to with communicative actions after tendering is a novel one . . . [A]nd we reject it out of hand." *Id.* at 114. We agree, and hold that Clark's parole records were not transformed into protected work product merely because Mayberry's counsel acquired them through subpoena.

However, Mayberry argues that the trial court's order violated the work-product doctrine because the records turned over to the court contained her counsel's handwritten notes concerning his potential questioning of Clark. Yet the record shows that Mayberry *never* informed the trial court at the March 2010 hearing that her counsel's notes were on the records. The first time she drew the court's attention to this fact was almost a year-and-a-half later when she filed her motion

to disqualify the Bexar County Criminal District Attorney's Office. In order to preserve a complaint that the trial court ordered her counsel to turn over his work product because his notes were on the records, Mayberry's counsel was required to inform the trial court of that basis for her objection at a time when the trial court could have protected her counsel's notes from disclosure. *See Lankston v. State*, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992) ("As regards specificity, all a party has to do to avoid the forfeiture of a complaint on appeal is to let the trial judge know what he wants, why he thinks himself entitled to it, and to do so clearly enough for the judge to understand him at a time when the trial court is in a proper position to do something about it."). Because Mayberry handed over the records without making such a complaint, she did not preserve her complaint that the trial court's order to turn over the parole records would disclose her counsel's notes.

## B. DISQUALIFICATION OF THE BEXAR COUNTY CRIMINAL DISTRICT ATTORNEY

Mayberry complains the trial court erred by not disqualifying the Bexar County Criminal District Attorney and her entire office from prosecuting Mayberry's case. Mayberry argues disqualification was necessary to ensure her counsel's notes were not used against her.

The Code of Criminal Procedure allows for the disqualification of an elected district attorney in two limited cases, neither of which applies here. *See* TEX. CODE CRIM. PROC. ANN. art. 2.08 (West Supp. 2014). However, the Court of Criminal Appeals has indicated in dicta that a trial court may also have the limited authority to disqualify an elected district attorney if her continued representation of the State would amount to a violation of due process. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 211 n.15 (Tex. Crim. App. 2007).

Mayberry is unable to show a due-process violation in her case. After she brought her complaint that the State had inadvertently obtained her counsel's notes to the trial court's attention, the State offered to substitute assistant district attorneys on Mayberry's case who had not seen the

notes. The court ordered the State to do so and ordered that the new assistant district attorneys not receive a copy of Clark's parole records that contained counsel's notes. There is no evidence in the record that the State did not comply with the court's order. Because the record does not show that Mayberry's counsel's notes were used by the District Attorney to obtain Mayberry's conviction, there was no due-process violation.

## CONCLUSION

We overrule Mayberry's two points of error and affirm the trial court's judgment.

Luz Elena D. Chapa, Justice

Do Not Publish